UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**ROBERT MELLO,**                   )
          **Plaintiff,** )    **CIVIL ACTION**
                                    )    **NO. 4:19-40078-TSH**
       **v.**          )
                                    )
**UNITED STATES OF AMERICA,**       )
          **Defendant.** )
_____ )

## ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 8)

**January 27, 2020**

**HILLMAN, D.J.**

    Robert Mello ("Plaintiff") filed this action against the United States of America (the "Government"), alleging medical malpractice during an acupuncture treatment performed by a federal employee. The Government moves to dismiss the complaint as time-barred by the two-year statute of limitations governing claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* (Docket No. 8). For the following reasons, the Court ***grants*** the Government's motion.

### Background

    On November 2, 2015, Plaintiff received an acupuncture treatment at the Family Health Center of Worcester ("FHC") in Worcester, MA. (Docket No. 1 at 3). During the treatment, Mellissa Rathmell ("Dr. Rathmell") opted to use a heat lamp on Plaintiff. (Docket No. 1 at 3). She left Plaintiff alone in the room for "an extended period of time" with the lamp on, and when she returned, Plaintiff reported a burning sensation in his shoulder. (Docket No. 1 at 3). Dr.

1

Rathmell suggested that Plaintiff had developed an abscess from a spasm during the treatment. (Docket No. 1 at 3). She dressed his wound and discharged him. (Docket No. 1 at 3).

The pain in Plaintiff's shoulder steadily increased, and he developed a 6"-7" blister at the acupuncture site. (Docket No. 1 at 3). Plaintiff returned to FHC the next day and was seen by his primary care physician. (Docket No. 1 at 3). He visited his primary care physician more than thirty times in the following four months to treat the injury. (Docket No. 1 at 3).

On July 26, 2016, Plaintiff consulted with legal counsel. His counsel obtained his medical records and determined that Plaintiff had suffered a third degree burn rather than an abscess. Plaintiff sent notice of a potential medical malpractice claim to FHC on July 5, 2017, and May 8, 2018. (Docket No. 10 at 3, 7–11). On May 23, 2018, counsel for FHC informed Plaintiff that Dr. Rathmell was a federal employee covered by the FTCA. (Docket No. 10 at 12). Plaintiff filed an administrative claim with the Department of Health and Human Services ("HHS"), which HHS received on June 4, 2018. (Docket No. 10 at 13–14). HHS denied his claim as untimely under the two-year statute of limitations governing FTCA claims. (Docket No. 10 at 15–16). Plaintiff filed a complaint with this Court on June 12, 2019. (Docket No. 1). The Government now moves to dismiss. (Docket No. 8).

## Discussion

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). "The general rule, within the meaning of the FTCA, is that a tort claim accrues at the time of the plaintiff's injury . . . ." *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir. 1992). In the context of a medical malpractice claim, however, courts sometimes apply the discovery rule. *Skwira v. United States*, 344 F.3d 64, 73 (1st Cir. 2003).

"Under this rule, a claim 'accrues' when an injured party 'knows both the existence and the cause of his injury.'" *Id.* (quoting *United States v. Kubrick*, 444 U.S. 111, 113 (1979)).

Here, even applying the discovery rule, Plaintiff's claim accrued on November 2, 2015, when his injury occurred. While Plaintiff may not have known at the time that he had specifically suffered a third-degree burn, he was aware that he had suffered *some* injury related to his acupuncture treatment.[1] Because he knew the circumstances underlying his malpractice claim,[2] he bore "the responsibility of inquiring among the medical and legal communities about whether [he] was wronged and should take legal action." *Gonzalez v. United States*, 284 F.3d 281, 289 (1st Cir. 2002); *see also Kubrick v. United States*, 444 U.S. 111, 123 (1979) ("A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community.").

Plaintiff suggests that this Court should equitably toll the statute of limitations because FHC failed to respond to his initial notice in July 2017 and he only leaned that Dr. Rathmell was a federal employee after he sent a second notice in May 2018. The Court rejects this contention. Plaintiff could have discovered that Dr. Rathmell was a federal employee through the exercise of due diligence. A call to HHS or a visit to the website for FHC,[3] for example, would have revealed that Dr. Rathmell was a federal employee covered by the FTCA. *See Sanchez v. United*

---

[1] He can hardly disclaim knowledge that his injury had been caused by his treatment. He developed a large, red blister at the acupuncture site, and Dr. Rathmell herself attributed his injury to the treatment, albeit for a different reason.

[2] And even if knowledge of the injury was not, by itself, sufficient to give him notice of the circumstances underlying his claim, the fact that his injury failed to heal in the following four months despite more than thirty visits to his doctor would have provided the requisite notice.

[3] Plaintiff knew that Dr. Rathmell was an employee of FHC. He received treatment from Dr. Rathmell at FHC and sent notice of his claim against Dr. Rathmell at FHC's address.

*States*, 740 F.3d 47, 55 (1st Cir. 2014). That FHC did not timely respond to Plaintiff's initial notice does not excuse Plaintiff's failure to exercise due diligence in pursuing his claim.

In sum, because Plaintiff's claim accrued more than two years before he filed his administrative claim with HHS, his claim is time-barred under the FTCA. The Court accordingly ***grants*** the Government's motion to dismiss.

## Conclusion

For the reasons stated above, Defendants' motion is ***granted***. (Docket No. 8).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**